NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE:  IRENE H. LIN, | : | Chapter 7 |
| | : | Bankruptcy No. 13-20829 |
| Debtor. | : | |
| | : | |
| JAY J. LIN, P.A., et al., | : | |
| | : | |
| Appellants, | : | Civil Action No. 14-5230 |
| | : | |
| v. | : | Adv. Pro. No. 14-1373 |
| | : | |
| STEVEN R. NEUNER, et al., | : | **OPINION** |
| | : | |
| Appellees. | : | |

WOLFSON, District Judge

This matter comes before the Court on the appeal of Jay J. Lin ("Mr. Lin") and Jay J. Lin, P.A., (collectively, "Appellants"), who are represented by Mr. Lin, himself, from three separate Orders of the United States Bankruptcy Court for the District of New Jersey.  The first is a June 19, 2014 Order of the Bankruptcy Court, granting the motion to dismiss the Adversary Proceeding Complaint filed by Appellees/Defendants TD Bank, N.A. and Keisha Adkins (collectively, "Bank Appellees").  The second is a June 18, 2014 Order of the Bankruptcy Court, dismissing the Adversary Proceeding as to Appellees/Defendants Barry Sharer, Steven R. Neuner, Neuner and Ventura LLP, and Sharer Petree Brotz and Snyder (collectively, "Trustee Appellees").  Lastly, Appellants appeal an Order of the Bankruptcy Court, awarding $5,000 in fees and expenses as a sanction against Mr. Lin in his capacity as Appellants' counsel.  For the reasons set forth below, Appellants' appeal of the Bankruptcy Court's Orders dated June 19,

2014, and June 18, 2014, is dismissed as untimely. This Court affirms the Bankruptcy Court's decision in sanctioning Mr. Lin.

**I.     Background**

The background of this dispute has been set forth in detail before the Bankruptcy Court. Accordingly, the Court sets forth only those facts that are relevant to this appeal.

TD Bank, N.A. ("TD Bank") is the successor-by-merger to Commerce Bank, N.A. ("Commerce Bank"). Keisha Adkins ("Adkins") is an employee of TD Bank. On or about August 10, 2006, Commerce Bank extended a line of credit (the "Line of Credit") to Jay J. Lin, P.A. *See* Appendix of TD Bank and Adkins ("Bank Appendix") Ex. A. Mr. Lin, the President of Jay J. Lin P.A., and his wife, Irene H. Lin (the "Debtor" or "Mrs. Lin"), own a property commonly referred to as 21 Bridge Street, Metuchen, New Jersey (the "Mortgaged Property") as tenants by the entireties. *See id.* at Ex. B. On or about August 10, 2006, the Debtor and Mr. Lin executed and delivered to Commerce Bank a mortgage, which created a lien on the Mortgaged Property, as security for the Line of Credit. *See id.* at Ex. C.

On or about June 20, 2011, Mrs. Lin executed a limited guaranty of payment (the "Limited Guaranty") in favor of TD Bank under which Mrs. Lin guaranteed all current and future debts of Jay J. Lin, P.A., as borrower, limited to the amount which TD Bank would realize from any collateral securing the loan. *See id.* at Ex. F. On the same date, Mr. Lin, in his capacity as President of Jay J. Lin, P.A., executed certain documents that superseded the loan documents executed on August 10, 2006, in connection with the Line of Credit. Among these documents included a business loan agreement, which states:

> If Lender has made any commitment to make any Loan to Borrower, whether under this Agreement or under any other agreement, Lender shall have no obligation to make any Loan Advance or to disburse Loan proceeds if: . . . any Guarantor . . . filed a petition in bankruptcy or similar proceedings . . .

2

>   [or] Lender in good faith deems itself insecure, even though no Event of Default shall have occurred.

*Id.* at Ex. E, at 4.

On or about May 17, 2013, Mrs. Lin filed a voluntary petition seeking the protections of Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, in the United States Bankruptcy Court for the District of New Jersey. At all times, Mr. Lin served as Mrs. Lin's bankruptcy counsel. After the case converted to a proceeding under Chapter 7 of the Bankruptcy Code, Barry Sharer ("Sharer" or "Trustee") was appointed the trustee of Mrs. Lin's estate. On or about December 17, 2013, Sharer filed an application to retain Steven R. Neuner and Neuner and Ventura LLP as counsel for the Trustee. On December 13, 2013, the Bankruptcy Court entered an order authorizing the retention of Neuner and Ventura LLP as counsel for the Trustee, *nunc pro tunc* to the date of the retention application, December 17, 2013. *See* Appendix of Jay Lin and Jay J. Lin, P.A. ("Appellants Appendix") Ex. D.

While TD Bank was not listed as a creditor to the Debtor's estate, Schedule A to the Bankruptcy Petition disclosed the Debtor's interest in the Mortgaged Property. On or about December 24, 2013, Neuner, as counsel for the Trustee, issued a subpoena (the "Subpoena") to TD Bank, seeking copies of the loan account history related to the mortgage. *See* Appellants Appendix Ex. C. In response to the Subpoena, on or about January 17, 2014, TD Bank provided certain documents to Neuner.

On or about March 18, 2014, Appellants filed a complaint (the "Complaint") in the Superior Court of New Jersey, Law Division, Middlesex County, against Neuner, Sharer, Adkins, Neuner and Ventura LLP, Petree Brotz and Snyder, and TD Bank (collectively, "Defendants" or "Appellees"). The Complaint lists ten causes of action against all of the Defendants, premised on allegations that Sharer, in his capacity as a Trustee, and Neuner, in his

3

capacity as the representative of the Trustee, conspired to extort Appellants by "demand[ing] a payment of $60,000 in order for [them] to walk away from this case," and that "they would force the sale of Mrs. Lin's and [Appellants'] joint property at 21 Bridge Street" if Appellants did not make such payment. *See* Compl. ¶¶ 4, 5, 17, 18, *located at* Appellants Appendix Ex. F. Appellants allege that when they refused to "pay [Sharer and Neuner] off with the balance of [Appellants'] business loan account of $60,000," Sharer and Neuner conducted "an illegal seizures [sic] of demanding TD Bank to close the business loan account of [Appellants'] law firm of $60,000." *Id.* at ¶ 20. Appellants also allege that Sharer and Neuner "went on conducting an illegal searches [sic] against [Appellants] by serving the subpoenas of [Appellants'] business loan account on TD Bank." *Id.* at ¶ 21. Appellants allege that TD Bank improperly responded to the Subpoena, and improperly closed the Line of Credit. *See id.* ¶¶ 23–24.

On or about April 1, 2014, the Trustee Appellees removed the matter to this Court.[1] *See* Appellants Appendix Ex. G. On April 7, 2014, this Court entered an order referring this case to the Bankruptcy Court, which commenced Adversary Proceeding 14-1373. *See* Appendix of Appellees Steven R. Neuner, Barry Sharer, Neuner and Ventura LLP, and Sharer Petree Brotz and Snyder ("Trustee Appendix") T001.

On April 30, 2014, the Trustee Appellees filed in the Bankruptcy Court a motion to dismiss the adversary proceeding against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (the "Trustee Motion"). *See Lin, et al. v. Neuner, et al.*, Adversary

---

[1] In the Notice of Removal, the Trustee Appellees point out that the same facts alleged in the Complaint were the subject of a "cross-motion" filed on January 29, 2014, by Mr. Lin in the Bankruptcy Case on behalf of Irene Lin, seeking to remove Sharer as Trustee. This motion was heard and decided by the Bankruptcy Court, after oral argument on February 11, 2013, resulting in an order denying Lin's motion to remove the Trustee. *See* Notice of Removal ¶ 7, *located at* Appellants Appendix Ex. G.

4

Proceeding No. 14-1373 (hereinafter, the "BK Docket"), at ECF No. 9.  On the same day, the Trustee Appellees filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11, Federal Rules of Bankruptcy Procedure 9001, 28 U.S.C. § 1927, and 11 U.S.C. § 105(a) (the "Trustee Sanctions Motion").  *See id.* at ECF No. 10.  On May 19, 2014, Appellants filed their Cross-Motion to Strike Defendant's Motion to Dismiss and enter Default Judgment, for Summary Judgment and Sanctions, and to refer the Trustee Appellees to the United States Attorney's Office for criminal investigation "in lieu of opposition to Defendant's motion." *Id.* at ECF No. 12.  On June 2, 2014, Trustee Appellees filed an omnibus reply in support of the Trustee Motion, and in opposition to Appellants' cross-motion.  *See id.* at ECF No. 13.  On June 6, 2014, Appellants filed a reply to the Trustee Appellees' opposition to their motion.  *See id.* at ECF No. 16.

On May 16, 2014, the Bank Appellees filed a separate motion to dismiss the adversary proceeding as it related to them pursuant to Rule 12(b)(6) (the "Bank Motion").  *Id.* at ECF No. 11.  On June 2, 2014, Appellants filed a cross-motion for summary judgment and a motion to amend the Complaint "in lieu of Opposition to Defendants' Motion of 5/16/14."  *See id.* at ECF No. 14.  On June 6, 2014, the Bank Appellees filed a reply brief in further support of their motion, which Appellants responded to with a letter brief filed on June 10, 2014.  *Id.* at ECF Nos. 15, 18.

On June 10, 2014, these motions and several matters unrelated to this appeal were heard by the Bankruptcy Court.  The Bankruptcy Court, in ruling on the Bank Motion, dismissed all counts against the Bank Appellees.  *See* Transcript of Motion Hearing of June 10, 2014 (hereinafter, "T") at 49:3–50:21, *located at* Appellants Appendix Attach. 4.  The Bankruptcy Court also granted the Trustee Motion pursuant to Rule 12(b)(1), finding that the Complaint was

barred by the Barton Doctrine.[2]  *See id.* at 45:14–48:4.  Because the Bankruptcy Court found that, "[g]iven the binding law in this jurisdiction finding that the Barton Doctrine applies to bankruptcy trustees, . . . there was no merit to bring this Complaint against the Trustee and his professionals," the Court granted the Trustee Sanction Motion.  *Id.* at 48:5–15.  At the hearing, the Court ordered the Trustee to submit a certification of fees related to bringing the Trustee Motion.  *Id.* at 48:13–15.

On June 13, 2014, the Bankruptcy Court entered orders denying Appellants' cross-motion for summary judgment and cross-motion to strike Defendants' motion to dismiss (the "June 13 Orders").  *See* BK Docket, at ECF Nos. 19, 20.  On June 18, 2014, pursuant to the June 10, 2014 hearing, the Bankruptcy Court entered an order imposing sanctions under Federal Rule of Bankruptcy Procedure 9011 (the "Sanctions Imposition Order").  The Sanctions Imposition Order reserved decision as to the amount of fees and costs to be imposed.  *See id.* at ECF No. 23.  On the same day, June 18, 2014, the Bankruptcy Court also entered an order dismissing Appellants' Complaint as to the Trustee Appellees (the "Trustee Dismissal Order").  *See id.* at ECF No. 24.  On June 19, 2014, the Bankruptcy Court entered an order dismissing all claims against the Bank Appellees (the "Bank Dismissal Order").  *See id.* at ECF No. 29.  On June 30, 2014, after receiving a certification from counsel for the Trustee Appellees, the Bankruptcy Court filed and signed an Order allowing $5,000 in sanctions against Mr. Lin (the "Sanctions Order") pursuant to the Sanctions Imposition Order.  The Sanctions Order was entered on the docket on July 7, 2014.

---

[2] The Barton Doctrine, established in *Barton v. Barbour*, 104 U.S. 126 (1881), mandates "that a party must first obtain leave of the bankruptcy court before it brings an action in another forum against a bankruptcy trustee for acts done in the trustee's official capacity."  *In re VistaCare Group, LLC*, 678 F.3d 218, 224 (3d Cir. 2012).

On June 17, 2014, Appellants filed a notice of appeal to this Court, initiating *Lin, et al. v. Neuner, et al.*, Docket No. 14-4204 (hereinafter the "First Appeal"). The First Appeal specified that the subject of the appeal were the rulings of the Bankruptcy Court on June 10, 2014. *See* First Appeal, at ECF No. 1. This included the June 13, 2014 Orders, the Sanctions Imposition Order, the Trustee Dismissal Order, and the Bank Dismissal Order. *See id.* On July 10, 2014, this Court dismissed the First Appeal, due to Appellants' failure to designate a record or order a transcript of the hearing (the "First Appeal Dismissal Order"). *See id.* at ECF No. 5. No further appeal of this First Appeal Dismissal Order was taken, nor has any motion for reconsideration been filed.

On July 18, 2014, Appellants filed a second notice of appeal, which is the current action. In their appeal, Appellants purport to appeal three Orders from the Bankruptcy Court, two of which Appellants previously appealed in the First Appeal. Specifically, Appellants seek to appeal the Trustee Dismissal Order and the Bank Dismissal Order, as well as the Sanctions Order entered on July 7, 2014, which fixed the dollar amount of the sanctions imposed on Mr. Lin pursuant to the Sanctions Imposition Order. Appellants are not, however, appealing the Sanctions Imposition Order, which found Mr. Lin to have violated Rule 9011.

## II.     Jurisdiction and Standard of Review

The standard of review for bankruptcy court decisions is determined by the nature of the issues on appeal. *See Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee*, 321 B.R. 147, 157 (D.N.J. 2005). Findings of fact are reviewed under a clearly erroneous standard, where a factual finding is only overturned when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Cellnet Data Systems, Inc.,* 327 F.3d 242, 244 (3d Cir. 2003) (citing *U.S. v. U.S. Gypsum Co.,* 333 U.S. 364,

395 (1948)). "The fact that a reviewing court could have decided the matter differently does not render a finding of fact clearly erroneous." *First Western SBLC, Inc. v. Mac-Tav. Inc.*, 231 B.R. 878. 881 (D.N.J. 1999) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 573–74 (1985)). Legal conclusions, on the other hand, are subject to *de novo*, or plenary, review by the district court. *See Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir.1997).

If the issue presented on appeal involves both findings of facts and conclusions of law, the district court must apply a mixed standard of review. *Mellon Bank, N.A. v. Metro Commc'n, Inc.,* 945 F.2d 635, 642 (3d Cir. 1991). The district court must accept the bankruptcy court's findings of historical or narrative facts unless clearly erroneous, but exercise "plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts." *Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 103 (3d Cir. 1981).

### III.     Discussion

As a threshold issue, the Court must address whether this Court has jurisdiction to hear any of the issues presented in this appeal. An appeal from a decision of a bankruptcy court is subject to the requirements of 28 U.S.C. § 158(c)(2), which provides that appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." Federal Rule of Bankruptcy Procedure 8002 provides that the notice of appeal shall be filed with the bankruptcy clerk within fourteen days of the date of the entry of the judgment, order, or decree appealed from. *See* Fed. R. Bankr. P. 8002. "[T]he prescribed timeline within which an appeal from a bankruptcy court must be filed is mandatory and jurisdictional." *In re Caterbone*, 640 F.3d 108, 110 (3d Cir. 2011). The bankruptcy court may extend the time to file a notice of

appeal if a party requests such an extension by motion within the fourteen day period, or "within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1).

There are three Orders from which Appellants purport to appeal. The first two, the Trustee Dismissal Order and the Bank Dismissal Order, were entered on June 18, 2014, and June 19, 2014, respectively. Accordingly, pursuant to Bankruptcy Rule 8002, Appellants were required to file their notice of appeal of the Trustee Dismissal Order on or before July 2, 2014, and they were required to file their notice of appeal of the Bank Dismissal Order on or before July 3, 2014. The notice of appeal for both Orders was not timely and properly filed until July 18, 2014, over two weeks after the time to file an appeal had expired. Importantly, Appellants did not move to extend the time to file a notice of appeal. I note that Appellants timely filed the First Appeal; however, that appeal was dismissed on July10, 2014 because Appellants failed to adhere to the procedural rules.[3] This dismissal has become final.[4] Accordingly, because the notice of appeal was untimely as to the Trustee Dismissal Order and the Bank Dismissal Order, and no extension was requested or granted, the Court lacks subject matter jurisdiction to hear the appeal of either Order. *See In re Caterbone*, 640 F.3d at 110.

The Sanctions Order, on the other hand, involves further analysis. The Sanctions Order was signed and filed by the Bankruptcy Court on June 30, 2014, and entered on July 7, 2014.

---

[3] Appellants are represented by Mr. Lin, who is an attorney. As such, as an attorney, Mr. Lin may not claim ignorance of the rules.

[4] The Appellants had certain remedies available to them in the face of the dismissal of the First Appeal. They could have filed a motion for an extension of time to file an appeal, pursuant to Fed. R. Bankr. P. 8002(c). Bankruptcy Rule 8002 requires that a motion for an extension of time be made within 14 days of the entry of the order being appealed; however, a party may proceed to file a motion for additional time within 21 days after the 14 days period upon a showing of excusable neglect, meaning that Appellants could have filed such motion any time prior to July 21, 2014. Appellants could have also addressed the dismissal by filing a motion to amend or alter the order pursuant to Fed. R. Civ. P. 59(e), made applicable in bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9023, or moved for reconsideration of the First Appeal Dismissal Order. Appellants could have also appealed to the Third Circuit by filing a notice of appeal within 30 days of the First Appeal Dismissal Order, pursuant to Fed. R. App. P. 4(a). Instead, Appellants chose to file a second notice of appeal in the Bankruptcy Court on July 18, 2014, making such appeal untimely.

The Trustee Appellees urge the Court to consider the date the Sanctions Order was signed and filed, i.e., Jun 30, 2014, as the operative date under Rule 8002. They further argue that the Order was docketed on June 30, 2014, but that the "Bankruptcy Clerk issued a Notice of Order Entry erroneously stating that the Order had been 'entered' on July 7, 2014." Trustee Appellees' Br. at 11. The Trustee Appellees, however, have no basis for taking this position. Indeed, a review of the docket indicates that the docket is organized by the date an entry is *filed* on the docket, not *entered*. The Sanctions Order, therefore, is listed as being filed on the docket on June 30, 2014, but the docket entry clearly states that the Sanctions Order was "Entered: 7/7/2014," a statement that is supported by the Notice of Order Entry. *See* BK Docket, ECF No. 38. It is this date – the entry date – that is relevant for appeal purposes. *See, e.g.*, Fed. R. Bankr. P. 8002(a); *In re Smiles*, No. 14-4347, 2015 U.S. App. LEXIS 5638, at *3–4 (3d Cir. Pa. Apr. 8, 2015) (explaining that an appeal was timely because the appellant filed a notice of appeal from the date that the order was "actually entered" on the lower court's docket, not the date on which the order was "filed"); *Neely v. Merchants Trust Co.*, 110 F.2d 525, 525–26 (3d Cir. 1940) (holding that time for appeal started to run from the date that order was entered on the docket, not the date that the order was filed or signed); *see also In re Delanoy*, 29 F.3d 516, 518 (9th Cir. 1994) (explaining that the time to file an appeal started to run from the date the bankruptcy court's order was entered, not the earlier date when the order was signed); *In re Universal Minerals, Inc.*, 755 F.2d 309, 311–12 (3d Cir. 1985) (explaining that the period for filing the notice of appeal starts to run from the date of the entry of the bankruptcy order being appealed, not the date of the order itself); *Stelpflug v. Federal Land Bank*, 790 F.2d 47, 49 (7th Cir. 1986) (explaining that it is the date of entry of the order, not the date an order is signed, that is

significant for when the appeal time begins to run).[5]  Therefore, because the Sanctions Order was entered on July 7, 2014, Appellants' appeal is timely as to that Order.

Accordingly, the Court turns to the merits of Appellants' appeal of the Sanctions Order. The crux of Appellants' argument on appeal is that this Court should conduct a plenary review of the Bankruptcy Court's rulings because the issues constitute "non-core" matters under 28 U.S.C. § 157(b)(2).  Even assuming that Appellants have not waived that argument by consenting to jurisdiction in the bankruptcy court,[6] Appellants' argument for a *de novo* review by this Court is meritless because substance of the Sanctions Order concerned a core bankruptcy matter. Bankruptcy courts have jurisdiction to hear three types of proceedings: those that "aris[e] under title 11"; those that "aris[e] in . . . a case under title 11"; and those that "relate[] to a case under title 11." 28 U.S.C. § 157(a).  In non-core proceedings, where the proceeding relates to a bankruptcy case, a bankruptcy judge may only "submit proposed findings of fact and conclusions of law to the district court." *Id.* § 157(c)(1).  "It is the district court that enters final judgment in such cases after reviewing *de novo* any matter to which a party objects." *Stern*, 131 S. Ct. at

---

[5] Although some of these cases interpret the Federal Rules of Civil Procedure, the relevant Bankruptcy Rules at issue here track or are adapted from either the Federal Rules of Civil Procedure or the Federal Rules of Appellate Procedure; as such "it is appropriate to look at judicial construction" of the Civil Rules when interpreting the Bankruptcy Rules. *Stelpflug*, 790 F.2d at 50 (citing *In re Smith Corset Shops, Inc.*, 696 F.2d 971, 975 (1st Cir. 1982); *In re Ferron*, 35 B.R. 404, 405 (D. Nev. 1983)); *see generally* Fed. R. Bankr. P. 5003, 7058, 8002.

[6] Appellants, in their various cross-motions and replies to the motions to dismiss filed by the Trustee Appellees and the Bank Appellees, did not challenge the Bankruptcy Court's authority to issue a final order in these proceedings. Appellants did not file a motion for remand or request that the Bankruptcy Court abstain from entering an order under 28 U.S.C. § 1334(c)(2).  Rather, Appellants filed cross-motions for summary judgment against both the Bank Appellees and the Trustee Appellees, requesting that the Bankruptcy Court enter judgment against TD Bank and Adkins.  *See* BK Docket, ECF Nos. 12, 14.  By doing so, Appellants acknowledged and consented to the authority of the Bankruptcy Court to adjudicate the claims brought against the Appellees.  *See Stern v. Marshall*, 131 S. Ct. 2594, 2608 (2011). "In such cases, as here, the consequences of a litigant . . . 'sandbagging' the court--remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor--can be particularly severe. If [Appellants] believed that the Bankruptcy Court lacked the authority to decide [their claims], then [they] should have said so--and said so promptly." *Id.* (internal quotation and citation omitted).  The failure to object to a bankruptcy court's jurisdiction over a proceeding that a party believes is either non-core or a *Stern* claim (meaning "a claim designated for final adjudication in a bankruptcy court as a statutory matter, but prohibited from proceeding in that way as a constitutional matter," *see Exec. Benefits Ins. Agency v. Arkison*, 134 S.Ct. 2165, 2170 (2014)) forfeits any argument regarding such jurisdiction in front of this Court.  *See Stern*, 131 S. Ct. at 2608.

2604.  On the other hand, in "all core proceedings arising under title 11, or arising in a case under title 11," a bankruptcy court may enter final judgment.  *See* 28 U.S.C. § 157(a), (b)(1). "Core proceedings include, but are not limited to" 16 different types of matters, including "matters concerning the administration of the estate."  *Id.* § 157(b)(2)(A).  "[C]laims that 'arise in' a bankruptcy case are claims that by their nature, not their particular factual circumstance, could only arise in the context of a bankruptcy case."  *In re Seven Fields Dev. Corp.*, 505 F.3d 237, 260 (3d Cir. 2007) (quoting *Stoe v. Flaherty*, 436 F.3d 209, 218 (3d Cir. 2006)). Additionally, "[a] determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law."  28 U.S.C. § 157(b)(3).

Here, the imposition of sanctions upon Mr. Lin, in his capacity as counsel for Appellants, stemmed from the improper filing of the Complaint against his wife's bankruptcy trustee and the trustee's counsel, in violation of the Barton Doctrine.[7]  The Bankruptcy Court determined that the facts in the Complaint "demonstrate that Mr. Sharer was attempting to settle his pending Complaint which sought to sell Mr. Lin's interest in the Debtor's property at 21 Bridge Street pursuant to 363(h) of the Bankruptcy Code," a finding which has not been appealed.  *See* T at 47:1–8.  Therefore, Appellants' claims dealt with actions allegedly committed by the Trustee and his counsel, and "were based on services provided during the bankruptcy, under the supervision of, and subject to the approval of, the bankruptcy court.  As such, [the claims] implicate the integrity of the bankruptcy process," making them a core matter.  *In re Seven Fields Dev. Corp.*, 505 F.3d at 259 (quoting *Geruschat v. Ernst & Young LLP*, 346 B.R. 123, 125 (W.D. Pa. 2006)). In other words, the claims asserted by Appellants, for which Mr. Lin was sanctioned, were based

---

[7] Because the appeal of the Trustee Dismissal Order is untimely, the Bankruptcy Court decision may not be reviewed.  As such, the Court cannot address the merits of the Bankruptcy Court's ruling that the filing of the Complaint violated the Barton Doctrine.  The Court can only assess the propriety of awarding sanctions and whether the amount of sanctions awarded to the Trustee Appellees by the Bankruptcy Court was appropriate.

solely on acts that occurred in the administration of the estate and would not exist but for the bankruptcy; consequently, the underlying claims easily fall within the definition of a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A); *see also id.* at 260–63 (affirming that bankruptcy court had core jurisdiction over malpractice, negligence, and fraud claims against accountant that concerned conduct by the accountant during the bankruptcy process and that "implicated the integrity of the entire bankruptcy process"); *Baker v. Simpson*, 613 F.3d 346, 350–51 (2d Cir. 2010) (finding that claims of professional malpractice constituted a core proceeding even though the claims were based on state law because the "appellant's relationship with all the appellee's arose only in connection with his Title 11 proceeding," and the claims implicated the reliability of the bankruptcy process); *In re Southmark Corp.*, 163 F.3d 925, 931 (5th Cir. 1999) (finding professional malpractice claims to be core proceedings where the claims alleged were "inseparable from the bankruptcy context"); *Sanders Confectionery Prods. v. Heller Fin., Inc.*, 973 F.2d 474, 483 n.4 (6th Cir. 1992) ("While the specific causes of action, such as RICO, exist independently of bankruptcy cases, an action against a bankruptcy trustee for the trustee's administration of the bankruptcy estate could not. All claims against [the trustee] related to his conduct during the . . . bankruptcy, and should be considered core proceedings."). Consequently, the Sanctions Order, which stems directly from Mr. Lin's misconduct of bringing these claims, easily constitutes the very type of "core proceeding" that would not have existed but for this bankruptcy. *See Shultze v. Chandler*, 765 F.3d 945, 948 (9th Cir. 2014). Accordingly, because the Sanctions Order concerned a core bankruptcy matter, *de novo* review of the Sanctions Order is inappropriate.

The Court, therefore, turns to the substance of Lin's appeal. Courts generally review sanctions awarded under Bankruptcy Rule 9011 for abuse of discretion. *See Cinema Service*

*Corp. v. Edbee Corp.*, 774 F.2d 584 (3d Cir. 1985); *see also In re Excello Press, Inc.*, 967 F.2d 1109, 1112 (7th Cir. 1992) ("[O]n appeal we review the bankruptcy court's imposition of Rule 9011 sanctions for abuse of discretion.") (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) ("[A]n appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination.")). An abuse of discretion exists "where the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *In re SGL Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999) (quoting *ACLU v. Black Horse Pike Reg'l Bd. of Ed.*, 84 F.3d 1471, 1476 (3d Cir. 1996)).

Here, the Bankruptcy Court imposed sanctions upon Mr. Lin, in his capacity as counsel for Appellants, due to his improper filing of a suit against his wife's bankruptcy trustee and the trustee's counsel, in violation of the Barton Doctrine. Pursuant to the Sanctions Imposition Order, the Trustee Appellees were "allowed counsel fees and costs in amounts to be determined" as a sanction for the improper filing. *See* Trustee Appendix T003. Thereafter, counsel for the Trustee Appellees submitted a certification of services with supporting narrative requesting $10,123.80 in fees and $478.20 in expenses (the "Neuner Certification"). *See* Trustee Appendix T004–09. The Bankruptcy Court, after reviewing the Neuner Certification, considered and overruled the objection filed by the Debtor; the Court then awarded $5,000 to the Trustee Appellees, which is less than half of the amount in fees and expenses requested by the Trustee Appellees. The Bankruptcy Court found that a sanction in the amount of $5,000 was "sufficient to deter future misconduct by the Debtor and her counsel." *See* Sanctions Order at 2. In their appeal, Appellants have not addressed any legal arguments as to why the Bankruptcy Court's order awarding fees or the amount of the fees awarded constituted an abuse of discretion. They

merely challenge Appellees' arguments as "frivolous, abusive, and in a violation [sic] of Fed. R. Civ. P. 11(b), and were solely for the purpose of deceiving the Court." Appellants' Reply Br. at 4. This unsupported assertion, however, does not explain how the Bankruptcy Court abused its discretion by imposing sanctions; furthermore, a review of the record shows that the Bankruptcy Court's determination as to the amount of sanctions levied against Mr. Lin was appropriate, as the sanction award is "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Bankr. P. 9011(c)(2). Accordingly, because Appellants have failed to show that the Bankruptcy Court abused its discretion, the Sanctions Order is affirmed.

## IV. Conclusion

For the foregoing reasons, Appellants' appeal of the Bank Dismissal Order and Trustee Dismissal Order is dismissed as untimely. The Sanctions Order is affirmed. Appellants' appeal is dismissed. An appropriate Order accompanies this Opinion.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge

Date: April 15, 2014